IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNIS MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-95-D |
| | ) | |
| STATE OF OKLAHOMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 13] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Judge Erwin finds that the Petition should be summarily dismissed without prejudice because Petitioner fails to state a claim upon which relief can be granted under § 2241 and his pleading should not be recast as a § 2254 petition.

Within the time period to object, Petitioner has made a *pro se* filing, entitled "Motion for Hearing and Motion to Deny Report and Recommendation" [Doc. No. 14], which is construed as a timely objection. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner objects to Judge Erwin's conclusion that the Petition appears to challenge in all of Grounds One through Four, a state court conviction for which Petitioner is now

confined at Joseph Harp Correctional Center in Lexington, Oklahoma. Although Petitioner's arguments are not entirely clear, he states in highlighted text: "[T]here <u>is no</u> conviction <u>in this</u> case! <u>None</u>! <u>No</u> records of a crime, arrest, trial, <u>or</u> conviction! <u>None</u>! (proved <u>in</u> state courts)." *See* Obj. at 1 (emphasis in original). Taken in the context of the claims asserted in the Petition, the Court understands Petitioner's position is that state courts lacked jurisdiction over criminal charges against an Indian for an offense committed in Indian country. *See Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *pet. cert. filed*, No. 17-1107 (Feb. 6, 2018).

Upon *de novo* consideration of the issues raised by Petitioner's Objection, the Court finds no viable basis to permit this habeas case to proceed under § 2241. Further, taking judicial notice of pertinent case files and records, the Court notes that Petitioner has previously attempted to obtain release from state custody by seeking relief under § 2241 on multiple occasions. *See Martin v. Bear*, Case No. CIV-15-682-D, Pet. (W.D. Okla. June 23, 2015); *Martin v. Bear*, Case No. CIV-16-1170-D, Pet. (W.D. Okla. Oct. 7, 2016); *Martin v. Bear*, Case No. CIV-17-1300-D, Pet. (W.D. Okla. Dec. 4, 2017). In fact, this is Petitioner's second case raising similar claims to the ones asserted in the instant Petition; the earlier case was summarily dismissed (as were prior cases) because "'§ 2241 in not an appropriate vehicle for relief.'" *See Martin v. Bear*, Case No. CIV-17-1300-D, Order at 1 (W.D. Okla. Jan. 23, 2018) (quoting *Martin v. Bear*, 683 F. App'x 729, 730 (10th Cir.), *cert. denied*, 138 S. Ct. 142 (2017) (unpublished)), *appeal pending*, No. 18-6017 (10th Cir.

Jan. 31, 2018).[1]  Apparently seeking to avoid the same result, Petitioner filed this case in the United States District Court for the Western District of Arkansas, but it was promptly transferred to this district.  *See* 1/30/18 Order [Doc. No. 2].   Petitioner cannot avoid the unfavorable rulings in prior cases by simply refiling another § 2241 case.

For these reasons, the Court fully concurs with Judge Erwin's findings that the Petition fails to state a claim cognizable under § 2241, and his recommendation for dismissal of the Petition without prejudice to a future action seeking an appropriate remedy.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 13] is ADOPTED in its entirety.   The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without prejudice to a future filing.   Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.   A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).   "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the

---

[1]  In Petitioner's 2016 case, the Tenth Circuit found that his denial of being "arrested, charged, tried, and convicted of a crime . . . is false," and took "judicial notice of his 1985 state court conviction for first degree murder and accompanying life sentence."  *See Martin*, 683 F. App'x at 730 (citing *State v. Martin*, No. CRF-84-169 (Okla. 15th Jud. Dist. Ct. Apr. 25, 1985) (unpublished)).

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this 4<u>th</u> day of April, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE